```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


TAMIKA FERRANTE,               :      3:00CV1205 (WWE)
     Plaintiff,                :
                               :
v.                             :
                               :
METROPOLITAN PROPERTY AND      :
CASUALTY INSURANCE COMPANY,    :
     Defendant                 :
```

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This action arises from the destruction by fire of a three-unit apartment building owned by the plaintiff, Tamika Ferrante ("Ferrante"), said fire taking place within hours of the cancellation of property insurance by the defendant. The plaintiff has alleged that the defendant, Metropolitan Property and Casualty Insurance Company ("Metropolitan") has breached its agreement/contract with Ferrante in failing and refusing to honor its obligations under its policy of insurance [Count One]; has breached the implied covenant of good faith and fair dealing [Count Two]; was negligent [Count Three]; has violated the Connecticut Unfair Insurance Practices Act ["CUIPA"], Conn.Gen.Stat. §§ 38a-815 and 38a-816, due to unfair settlement practices [Count Four]; has violated the Connecticut Unfair Trade Practices Act ["CUTPA"], Conn.Gen.Stat. §42-110b *et seq.*, due to unfair and deceptive trade practices [Count Five]; has caused Ferrante to suffer from negligent infliction of emotional

1

distress [Count Six]; and has caused Ferrante to suffer from intentional infliction of emotional distress [Count Seven].

Pending before the Court is Metropolitan's motion for summary judgment as to Counts Two, Four, Five, and Seven of Ferrante's complaint. On July 19, 2002, this Court issued a declaratory ruling after hearing oral argument from the parties on June 19, 2002, on the issue of notification, holding that there was not sufficient notification of cancellation of the insurance policy to the plaintiff. Metropolitan now claims that the Court ruling was in error, and that its actions cannot be a violation of CIUPA or CUTPA, citing, *inter alia*, the 1957 Connecticut Supreme Court decision in Westmoreland v. General Accident Fire & Life Assurance Corp., 144 Conn. 265 (1957). The Court rejects Metropolitan's simplistic notion that "mail is mail" as applied to the facts of this case, and that Westmoreland is binding precedent in the present matter. The issue of notification in the case at bar is more complex, and the parties materially differ on what constitutes notification under the statutes. Ferrante asserts, and the Court concurs, that a trier of fact could indeed find that Metropolitan acted with reckless indifference to Ferrante's rights. Resolving all ambiguities and drawing all inferences against the moving party as a matter of law, which is even more vital in a case of this nature dealing with a contract of adhesion, the Court finds that the record

demonstrates sufficient unresolved questions of fact to preclude summary judgment. Therefore, Metropolitan's motion for summary judgment (Doc. #61) is DENIED.  Jury selection in this case is set for August 9, 2004, with trial immediately following.

   SO ORDERED this 5th day of April, 2004, at Bridgeport, Connecticut.

_____
WARREN W. EGINTON, Senior U.S. District Judge